UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALLEN THOMAS CARTER,**

      **Plaintiff,**

                                Case No. 1:03-CV-904
v.                                  Hon. Gordon J. Quist

**EILEEN MCKENNA, et al.,**

      **Defendants.**

      _____/

**REPORT AND RECOMMENDATION**

      This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendant Dr. Barth's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5) and (6) (docket no. 24).

**Discussion**

      **I.**      **Plaintiff's Claims**

      Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). "[T]o state a claim under section 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the 'Constitution and laws' of the United States, and (2) plaintiff must show that the defendant deprived him of this federal right 'under color of law.'" *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988).

In his complaint, plaintiff alleges that while he was a prisoner incarcerated at the Carson City Correctional Facility in January and February 2001, defendants violated his Eighth and Fourteenth Amendment rights by failing to meet his medical needs. Plaintiff was paroled on June 27, 2003. *See* Parole Board Order for Discharge attached to Plaintiff's Response as Exh. A

Plaintiff filed suit on December 22, 2003, naming as one of the defendants, Timothy P. Barth, M.D. Dr. Barth has moved to dismiss plaintiff's claims against him on three grounds. First, defendant contends that the summons and complaint served on him should be quashed pursuant to FED. R. CIV. P. 12(b)(5). Second, defendant contends that plaintiff did not exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"). Third, defendant contends that plaintiff's suit is barred by the statute of limitations.

## II.     Motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5)

### A.     Improper service

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5) raises the defense "of insufficiency of service of process." Rule 12(b)(5) serves as a vehicle to dismiss a suit for defective service of process. *See Faber v. United States*, 69 F.Supp.2d 965, 967 (W.D. Mich. 1999). Such a motion also serves as a vehicle to quash defective service of process. *See, e.g., Hill v. Sands*, 403 F. Supp. 1368, 1370 (N.D. Ill. 1976) ("Generally, if service of process is insufficient but a reasonable prospect exists that the plaintiff could properly serve the defendant, the court quashes service but retains the case" *citing Richardson v. Ingram Corp.*, 374 F.2d 502 (3d Cir. 1967) and C. Wright & A. Miller, *Federal Practice & Procedure* § 1354). In the present case, defendant Dr. Barth contends that he was improperly served with a complaint and summons via interoffice mail. *See* Affidavit of

Dr. Timothy Barth (docket no. 28). The court notes that plaintiff has not relied on this "interoffice mail" service as the basis of a default judgment or for any other purpose in this suit. Nevertheless, such service is not valid under the court rules. Proper service on an individual in federal court is determined by state law. See FED. R. CIV. P. 4(e)(1) (providing that service upon an individual may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located). The law in Michigan does not provide for service of process by interoffice mail. See Michigan Court Rules 2.105(A) (allowing service to be made on an individual by serving the summons and complaint personally on the individual or mailing the documents to the individual via registered or certified mail).

Based on the foregoing, I find that the "interoffice mail" service was insufficient and that defendant Dr. Barth's Rule 12(b)(5) motion should be granted. However, defendant Barth's relief should be limited to quashing the defective service, because a reasonable prospect exists that plaintiff can properly serve this defendant. In this regard, the court has entered an order this date authorizing plaintiff to serve defendant Dr. Barth by alternate means

### B.   Statute of limitations

Defendant Dr. Barth has also bootstrapped a statute of limitations defense to his motion for dismissal under 12(b)(5), contending that the statute of limitations on plaintiff's claim expired prior to the successful service of the summons and complaint upon defendant.

Michigan's three year statute of limitations, Mich. Comp. Laws § 600.5805(8), applies to alleged civil rights violations under 42 U.S.C. § 1983. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). Plaintiff filed his complaint in this court on December 22, 2003, within three years of the alleged wrongs giving rise to his claim. Defendant, however, contends that the statute

3

of limitations has run, because even though plaintiff filed his complaint within the three year limitations period, he has failed to successfully serve defendant Dr. Barth within that three year period.  Defendant relies on  Mich. Comp. Laws 600.5856 which provides that the statute of limitations is tolled when the summons and complaint are placed in the hands of a court officer.[1]  Defendant Barth points out that plaintiff's process server was not a court officer and, as a result, the statute of limitations was not tolled as him.  And defendant has not yet been served.

Defendant's claim is without merit.  The Sixth Circuit rejected this "tolling" argument in *Atlantic Richfield Company v. Monarch Leasing Company*, 84 F.3d 204, 210 fn. 6 (6th Cir. 1996):

> Furthermore, under this same body of Michigan law, we must reject the defendants' assertion that ARCO failed to timely "commence" the instant renewal action (and toll the statute of limitations) because of allegedly improper service of process by someone not an "officer" for purposes of the Michigan tolling statute, Mich.Comp.Laws Ann. § 600.5856(c) (West Supp.1995). Michigan Court Rule 2.101(B) and Federal Rule of Civil Procedure 3 both state that an action is "commenced" when a complaint is filed with the court, and that rule controls insofar as it conflicts with the tolling statute. *See* [*Buscaino v. Rhodes*, 385 Mich. 474, 189 N.W.2d 202 at 205-06] (holding that a complaint filed within three years of an accident complied with the Michigan Court Rules and was not barred by the statute of limitations, even though service was made more than three years after the accident).

---

[1] Mich. Comp. Laws § 600.5856 provides in pertinent part as follows:

The statutes of limitations or repose are tolled:

(a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.
(b) At the time jurisdiction over the defendant is otherwise acquired.
(c) At the time the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service, but in this case the statute is not tolled longer than 90 days after the copy of the summons and complaint is received by the officer.

Plaintiff's suit was commenced when he filed the complaint in the federal district court on December 22, 2003. *Atlantic Richfield*, 84 F.3d at 210 fn. 6; FED. R. CIV. P. 3. His suit is not barred by the three year statute of limitations. Accordingly, defendant's motion for dismissal pursuant to Rule 12(b)(5) on the basis of the statute of limitations should be denied.

### III.  Motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6)

Next, defendant contends that plaintiff has failed to state a cause of action under Rule 12(b)(6). Under Rule 12(b)(6), a complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

As an initial matter, the court reviewed plaintiff's original complaint, found that it was not frivolous, that it contained at least one cognizable claim and directed the clerk to arrange for service of the summons and complaint. Order For Service, 12/30/03. Plaintiff filed a First Amended Complaint on January 26, 2004. In both complaints, plaintiff alleged that defendant Dr. Barth violated his constitutional rights under the Eight Amendment and exhibited deliberated indifference to his serious medical needs. "Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." *Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 398, ___ (6th. Cir. 2004). *See* FED.

5

R. Civ. P. 8(a) (2) (a pleading shall contain "a short and plain statement of the clam showing that the pleader is entitled to relief"). A complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957).[2]

In his first amended complaint, plaintiff set forth a chronology of his medical history in January and February 2001, as well as his claims that he suffered a distal fibular fracture and a stroke while incarcerated. Compl. at ¶¶ 8-31. Plaintiff alleged that defendants, which included Dr. Barth, exhibited deliberate indifference to his medical needs. Plaintiff has put defendant Dr. Barth on notice of his claims. Accordingly, defendant's motion to dismiss should be denied.

### IV.     Failure to exhaust under 42 U.S.C. § 1997e

Finally, defendant contends that plaintiff's claim should be dismissed for failure to exhaust his administrative remedies under 42 U.S.C. § 1997e. While plaintiff was a prisoner at the time of the occurrence in 2001, he was no longer incarcerated by the Michigan Department of Corrections when he file this complaint on December 22, 2003. *See* Parole Board Order for Discharge, attached to plaintiff's response as exh. A. Defendant Dr. Barth does not dispute that plaintiff was no longer incarcerated at the time he filed suit.

Section 1997e(a) reads:

(a) Applicability of Administrative Remedies

No action shall be brought with respect to prisoner conditions under § 1983 of this title, or any other Federal law by a prisoner confined in

---

[2] Dr. Barth is generally referred to in the complaint collectively as one of the "defendants." To the extent Dr. Barth believes these references are overly vague, the matter may be addressed through discovery and/or a motion for a more definite statement.

>   any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.[3] *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819 (2001). The exhaustion requirement applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520, 122 S.Ct. at 986; *Booth*, 532 U.S. at 741, 121 S.Ct. at 1825. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). While not jurisdictional, the exhaustion requirement is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases before the merits of the case are addressed. *See Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Wyatt*, 193 F.3d at 879; *Brown*, 139 F.3d at 1104; *see also Robinson v. Shewalter*, No. 00-3211, 2000 WL 1829118, at * 1 (6th Cir. Dec. 6, 2000)("Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with the exhaustion requirement."); *Fish v. Sapp*, No. 99-6665, 2001 WL 111671 (6th Cir. Jan. 29, 2001) (vacating the district court decision on the merits and remanding the case with instructions to dismiss the complaint for lack of exhaustion.)[4]

---

[3] Plaintiff's claim regarding constitutionally inadequate medical care is the type of claim that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (prisoner may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000).

[4] The prisoner has the burden of demonstrating exhaustion of his available remedies. *See Brown*, 139 F.3d at 1104; *see also Swenson v. Martin*, No. 00-1900, 2001 WL 897423, at * 1 (6th Cir. Aug. 3, 2001). A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is

The issue before the court, however, is whether the exhaustion requirement applies when an action is brought by a former prisoner for an alleged civil rights violation that occurred while he was incarcerated. A straightforward reading of the statute resolves the issue. The statute pertains to actions brought "by a prisoner confined in any jail, prison, or other correctional facility . . ." It does not pertain to a former prisoner who is no longer confined. Where the words of a statute are unambiguous, judicial inquiry is complete. *Conn. Nat'l Bank v Germain,* 503 U.S. 249, 254 (1992).

The Sixth Circuit has not addressed this issue. However, every other circuit court that has decided the issue has concluded that a suit filed by a former prisoner regarding an injury that occurred in prison is not a "prisoner" for purposes of the exhaustion requirement:

> We note that every court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners. *See, e.g., Harris v. Garner*, 216 F.3d 970, 979-80 (11th Cir.2000) (en banc) (determining PLRA not applicable to complaints filed by former prisoners for complaints regarding prison conditions prior to release, and concluding dismissals should be without prejudice to refiling on release), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir.2000); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir.1999); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir.1998) (determining PLRA not applicable to suit filed by inmate after he was released on parole); *cf., Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir.1998) (determining PLRA not applicable to suit by juvenile for complaint arising out of incident alleged to have occurred while he was held in pretrial detention). Similarly, other courts of appeals have held that other provisions of the PLRA do not apply to former prisoners. *See, e.g., Harris*, 216 F.3d at 976 (determining

---

available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner must specifically mention the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry*, 249 F.3d at 505.

> PLRA physical injury requirement does not apply to former prisoners); *Janes v. Hernandez*, 215 F.3d 541, 543 (5th Cir.2000) (determining PLRA fee limit does not apply to former prisoners), *cert. denied*, 531 U.S. 1113, 121 S.Ct. 858, 148 L.Ed.2d 772 (2001); *Doe*, 150 F.3d at 924 (same). In *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir.) (en banc), *cert. denied*, 533 U.S. 953, 121 S.Ct. 2600, 150 L.Ed.2d 757 (2001), this court suggested the PLRA exhaustion requirement applies "only if the plaintiff is a prisoner at the time of filing." Id. at 314 (*citing Greig*, 169 F.3d at 167).

*Ahmed v. Dragovich*, 297 F.3d 201, 210 fn. 10 (3rd Cir. 2002).

In *Smith v. Franklin County*, 227 F. Supp. 2d 667 (E.D. Ky. 2002), the district court in this circuit also concluded that the PLRA's exhaustion requirement does not apply to civil rights actions filed in this court by former prisoners. In reaching this conclusion the court noted that the plain language of the PLRA suggests that former prisoners do not fall within its scope as §§ 1997e (a), (e) and (h) refer to those prisoners who are "confined in a jail, prison or other correction facility" or "incarcerated or detained" at the time the suit is "brought." *Smith*, 227 F. Supp. 2d at 675. The court observed that one goal of the administrative exhaustion system is to "first permit those charged with the responsibility for jail and prison facilities to remedy wrongs that occur on their watch and to improve conditions for those incarcerated under their care" *Id.* at 675-76. The court also observed that former prisoners are no longer members of the prison community that the administrative procedures are meant to serve. *Id.* at 676. While the court in *Smith* involved a person who was incarcerated for a short period of time, the reasoning in *Smith* is persuasive and applicable to plaintiff in this case.

Defendant relies on the Sixth Circuit's opinion in *Cox v. Mayer*, 332 F.3d 422, 427-28 (6th Cir. 2003). The court's opinion in *Cox*, however, is factually distinguishable from the present case. In *Cox*, the court found that the exhaustion requirement applied to a prisoner that commenced

9

the grievance procedure, abandoned the procedure and then filed suit <u>while</u> <u>incarcerated</u>, but later attempted to amend his complaint after his release. By contrast, the plaintiff in the present case did not file suit while incarcerated.[5] Accordingly, defendant's motion to dismiss for failure to exhaust should be denied.

### Recommendation

I respectfully recommend that defendants' motion to dismiss (docket no. 24) be GRANTED in part and the service of process by "interoffice mail" be quashed, and in all other respects I recommend the motion be DENIED.


Dated:  April 15, 2004               /s/ Hugh W. Brenneman, Jr.
                                     Hugh W. Brenneman, Jr.
                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[5] The majority in *Cox* noted that "[o]ur policy discussion makes the assumption [without deciding the issue one way or the other] that a prisoner who has not exhausted administrative remedies while in prison may nonetheless sue after being released from prison." *Cox*, 332 F.3d at 426 fn. 3. In a dissenting opinion, Circuit Judge Moore denies the possibility the issue could even be in doubt, observing that prison grievance procedures are available only to prisoners, rendering exhaustion by non-prisoners "at least in one sense impossible," that PLRA explicitly limits its application to persons who are "incarcerated or detained," and citing *Greig*, *Doe* and *Kerr* for the proposition that the PLRA does not include former inmates. *Cox*, 332 F.3d at 430 fn. 1 (Moore, J. dissenting).