UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALLEN THOMAS CARTER,

       Plaintiff,

v.                                                                          Case No.  1:03-CV-904

EILEEN MCKENNA,                                            HON. GORDON J. QUIST
NABIL EL-SHAMAA, M.D.,
UNKNOWN BARTH, M.D., and
DAVIS HOWELL, P.A.

       Defendants.
_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

     The Court has before it Plaintiff's objection to the Magistrate Judge's Report and Recommendation issued November 7, 2005, in which the magistrate judge recommended that Defendants' motion for summary judgment be granted because the evidence fails to establish a question of fact as to whether Defendant Davis Howell, P.A., was deliberately indifferent to Plaintiff's serious medical needs while Plaintiff was incarcerated at the Carson City Correctional Facility in violation of Plaintiff's Eight Amendment right to be free from cruel and unusual punishment.  After conducting a *de novo* review of the magistrate's report and recommendation, the Court will adopt the report and recommendation as the opinion of the Court.

      In rejecting Plaintiff's claim, the magistrate judge concluded that Plaintiff failed to establish the subjective component of his deliberate indifference claim, that is, that Defendant Howell both knew of and disregarded an excessive risk to Plaintiff's health.  Plaintiff objects to this conclusion,

1

arguing that since Defendant Howell did not rule out a stroke as one of the possible diagnoses of Plaintiff, Defendant therefore "disregarded" the risk that Plaintiff might be suffering from a stroke when he failed to refer him to a hospital for treatment. The magistrate judge correctly concluded, however, that the evidence demonstrates that no reasonable trier of fact could conclude that Defendant Howell was deliberately indifferent to Plaintiff's serious medical condition.

On February 9, 2001, when Plaintiff complained of numbness in his right arm and foot, Howell performed a thorough neurological examination to try to determine whether Plaintiff had paresthesia, for paresthesia is a sign or symptom of a stroke. Howell found no paresthesia, and concluded, in his medical opinion, that Howell's neurological examination was essentially normal. Howell also conducted a second examination on February 9, 2001, which was prompted by a call from an officer in Plaintiff's housing unit. Howell noted no changes at the second examination, but decided to discontinue one of Plaintiff's medication and to increase another. Although Plaintiff still complained of numbness in his arm, Howell testified that numbness in the arm could have been caused by a number of things, in addition to a stroke, such as a pinched nerve, peripheral vascular disease, or a TIA (transient ischemic attack). Had Plaintiff had other corroborating signs or symptoms indicating a stroke, Howell testified, he would have taken a different course of action. In light of this record, the Court agrees with the magistrate judge's conclusion that even if Defendant Howell was negligent in reaching the wrong conclusion regarding Plaintiff's condition, his examination and treatment did not constitute deliberate indifference to Plaintiff's serious medical condition. Therefore,

**IT IS HEREBY ORDERED** that the magistrate's report and recommendation issued November 7, 2005, (docket no. 94), is **APPROVED AND ADOPTED** as the Opinion of this Court,

and Defendants' motion for summary judgment (docket no. 84) is **GRANTED**.

     The case is **concluded**.


Dated:  January 10, 2006                                           /s/ Gordon J. Quist
                                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE